IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-92 |
| v. | ) | |
| | ) | |
| LARRY DARNELL SANKEY, II, | ) | (PHILLIPS / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrage Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned[1] on August 18, 2015, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue Trial Date [Doc. 14], filed on August 11, 2015. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant Sankey, who was also present.

In his motion, the Defendant asks the Court to continue the September 1, 2015 trial date in order to permit additional time for ongoing negotiations with the Government. The motion states that the Government does not object to the requested continuance. At the August 18 hearing, Mr. Sharp stated that the Defendant is charged in ten counts and also has a pending violation of supervised released. He stated that although he had reviewed the discovery from the Government, he needed additional time to review the discovery, which includes a number of

---

[1] United States Magistrate Judge C. Clifford Shirley, Jr., conducted this hearing on behalf of Judge Guyton, who is assigned to this case.

1

audio and video recordings, with the Defendant. He stated that he had discussed the need for a trial continuance with the Defendant. Mr. Sharp stated that he believed a trial continuance is in the Defendant's best interest and that all the time between the hearing and the new trial date of November 2, 2015, is fully excludable time under the Speedy Trial Act.

The Court questioned the Defendant, who agreed that he had discussed the motion for a continuance with counsel. The Defendant stated that he understood he would remain in custody until the new trial date and that he wanted the Court to continue the trial.

AUSA Norris stated that the Government has no objection to continuing the trial of this case to November 2, 2015.

The Court finds the motion to continue the September 1, 2015 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a trial continuance is necessary in this case in order to permit counsel the "reasonable time necessary for effective preparation[.]" 18 U.S.C. § 3161(h)(7)(B)(iv). Defense counsel needs additional time to review discovery with the Defendant, to investigate the facts of the case, and to prepare the case for trial. The Court finds that this trial preparation cannot take place before the September 1 trial date or in less than two and one-half months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue Trial [**Doc. 14**] is **GRANTED**. The trial of this matter is reset to **November 2, 2015**. The Court also finds that all the time between the August 18 hearing

2

and the new trial date of November 2, 2015, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the deadline for concluding plea negotiations is extended to **October 2, 2015**. The parties agreed that another pretrial conference was not needed and that the Court could enter the standard pretrial order. The Court instructs the parties that all motions *in limine* must be filed no later than **October 19, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **October 23**, **2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 2, 2015**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the motion hearing on **August 18, 2015**, and the new trial date of **November 2, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations is extended to **October 2, 2015**;

(5) The Court instructs the parties that all motions *in limine* must be filed no later than **October 19, 2015**; and

(6) Special requests for jury instructions shall be submitted to the District Court no later than **October 23**, **2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge