IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-92 |
| v. | ) | No. 3:07-CR-83[1] |
| | ) | |
| LARRY DARNELL SANKEY, II, | ) | (PHILLIPS / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 8, 2016, for a hearing on defense counsel's Motion to Withdraw as Counsel [Doc. 21], filed on January 5, 2016. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp appeared along with Defendant Sankey.

In the motion, defense counsel asks to withdraw from his representation of the Defendant because the communication between Defendant Sankey and himself is irreparably damaged. At the hearing, Mr. Sharp stated that he and the Defendant have had a complete breakdown in communication, which additional time to work together would not resolve. He stated that the Defendant has lost confidence in the way in which Mr. Sharp wants to conduct the case. Mr. Sharp stated that the Defendant asked him to file the motion. The Defendant stated that he agrees with the motion and wants a new attorney. He said that he understood that

---
[1] Defendant Sankey has a pending Petition [Doc. 29] for revocation of supervised release relating to a 2008 conviction for possession of crack cocaine with intent to distribute in case number 3:07-CR-83.

changing attorneys two weeks before trial would cause a delay in his trial.  The Government took no position on the motion.

Based upon the representations of the Defendant and Mr. Sharp, the Court finds that good cause exists to allow Mr. Sharp to withdraw and to appoint new counsel for the Defendant.  The Court finds that there has been a breakdown in communications between the Defendant and counsel.  Due to these communication problems and differences in how the case should proceed, the Defendant's trust in Mr. Sharp has been seriously eroded.  The loss of trust in the attorney-client relationship and the breakdown in communication has compromised beyond repair Mr. Sharp's ability to present an adequate defense and to render effective assistance of counsel.  Accordingly, the Court finds substitution of counsel to be well taken under the circumstances.  Based upon good cause shown, the Motion to Withdraw as Counsel [**Doc. 21**] is **GRANTED**, and Mr. Sharp is relieved as counsel for the Defendant.  See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel.  Attorney Theodore Kern appeared at the motion hearing and agreed to accept representation of the Defendant.  The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Kern under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A as counsel of record for Defendant Sankey.  In so doing, the Court admonished the Defendant on the need to work with his counsel and informed him that it will entertain a request for yet another attorney only in the most extraordinary of circumstances.  The Supreme Court has firmly established that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney.  Morris v. Slappy, 461 U.S. 1, 13-14

(1983). The Defendant is encouraged to make every effort to work with Mr. Kern through the remainder of this case. Mr. Sharp is **DIRECTED** to turn over the file and all discovery to Mr. Kern as expeditiously as possible.

Mr. Kern made an oral motion to continue the January 20 trial date in this case to give him time to familiarize himself with the discovery and the facts of the case and to prepare for trial. He also asked for a new motion-filing deadline. The Government did not object to a continuance of the trial. The parties agreed on a new trial date of June 28, 2016.

The Court finds the oral motion for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Attorney Kern was just substituted as counsel for the Defendant and needs time to prepare for trial. The Court finds that requiring the Defendant to proceed to trial less than two weeks from the substitution of counsel would constitute a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i). Counsel needs time to review discovery, prepare and file pretrial motions, locate and interview witnesses, and confer with the Defendant. The Court finds that all of this could not take place before the January 20 trial date or in less than five and one-half months. Accordingly, the Court finds that the failure to grant a continuance would deprive counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Defense counsel's oral motion to continue the trial is **GRANTED**. The trial of this matter is reset to **June 28, 2016**. The Court also finds that all the time between the filing of the Motion to Withdraw as Counsel on **January 5, 2016**, and the new trial date of **June 28, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court set a new motion-filing deadline of **February**

**10, 2016**. The deadline for responding to pretrial motions is on or before **February 24, 2016**. The parties are to appear before the undersigned for a pretrial conference on **June 7, 2016, at 11:00 a.m.** This date will also be the deadline for completing plea negotiations and providing reciprocal discovery. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **June 13, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **June 17, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants Motion to Withdraw as Counsel [**Doc. 21**] is **GRANTED**. Assistant Federal Defender Benjamin G. Sharp is **RELIEVED** of his representation of the Defendant. Mr. Sharp is **DIRECTED** to provide all discovery and the Defendant's file to new counsel as soon as possible;

(2) Attorney Theodore Kern is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the Criminal Justice Act;

(3) The Defendant's oral motion to continue the trial date is **GRANTED**;

(4) The trial of this matter is reset to commence on **June 28, 2016, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(5) All time between the filing of the Motion to Withdraw as Counsel on **January 5, 2016**, and the new trial date of **June 28, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The deadline for filing pretrial motions is extended to **February 10, 2016**;

(7) The deadline for responding to pretrial motions is on or before **February 24, 2016**;

(8) The parties are to appear before the undersigned for a pretrial conference on **June 7, 2016, at 11 a.m.**;

4

(9) Motions *in limine* must be filed no later than **June 13, 2016**; and

(10) Special requests for jury instructions with the appropriate citation to authority shall be submitted to the District Court no later than **June 17, 2016**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge