IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-92 |
| v. | ) | No. 3:07-CR-83[1] |
| | ) | |
| LARRY DARNELL SANKEY, II, | ) | (PHILLIPS / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the following motions: Motion to File Motion to Withdraw [Doc. 28] and Motion to Withdraw as Attorney of Record, and for Appointment of New Counsel [Doc. 27], both filed on June 2, 2016, and referred [Doc. 29] to the undersigned on June 13, 2016. See 28 U.S.C. § 636(b). The parties appeared for a hearing on these motions on June 14, 2016. Assistant United States Attorney Cynthia F. Davidson represented the Government. Attorney Theodore Kern appeared with Defendant Sankey.

The Court begins by noting that on July 1, 2015 the Defendant appeared before the undersigned on a writ of habeas corpus for an initial appearance and arraignment. At that time, the Court found that the Defendant qualified for court-appointed counsel and, at the Defendant's request, appointed [Doc. 6] Assistant Federal Defender Benjamin G. Sharp and the Federal Defender Services of Eastern Tennessee. On January 8, 2015, the Court substituted [Doc. 25] Attorney Theodore Kern as the Defendant's counsel of record, finding an irrevocable breach of trust and breakdown in communication between the Defendant and Mr. Sharp. In the

---

[1] Defendant Sankey has a pending Petition [Doc. 29] for revocation of supervised release relating to a 2008 conviction for possession of crack cocaine with intent to distribute in case number 3:07-CR-83.

instant motions, Mr. Kern asks to withdraw from his representation of the Defendant. He states that the Defendant asked him to withdraw at a meeting on June 2, 2016, because the Defendant is dissatisfied with the advice he has received from counsel and the Defendant does not believe counsel will effectively represent him. At the June 14 hearing, the Government took no position on the motions.

The Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential matters discussed, the Court concludes that the Defendant has failed to show good cause for the substitution of counsel. However, the Defendant informed the Court that he wanted to represent himself, rather than proceed with court-appointed counsel. The Court reviewed with the Defendant a list of questions designed to explain the obligations and difficulties of *pro se* representation, as approved by the Sixth Circuit in United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir. 1987). Based upon the Defendant's answers to those questions, the Court found that the Defendant knowingly and voluntarily waives his right to counsel and should be permitted to represent himself. See Faretta v. California, 422 U.S. 806, 835 (1975) (holding that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent). Accordingly, defense counsel's motion to bring the issue of the attorney-client relationship before the undersigned [**Doc. 28**] is **GRANTED**. The Motion to Withdraw as Attorney of Record, and for Appointment of New Counsel [**Doc. 27**] is **DENIED in part** in that the Court will not appoint new counsel for the Defendant and is **GRANTED in part** in that Mr. Kern is permitted to withdraw as counsel of record because the Defendant has chosen to represent himself. Mr. Kern was **DIRECTED** to turn over the discovery in this case to the Defendant immediately.

The Court next considered whether it should appoint standby or elbow counsel for the Defendant.[2]  The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself.  <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 183 (1984); <u>Faretta</u>, 422 U.S. at 834 n.36.  Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role:  "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself."  <u>Wiggins</u>, 465 U.S. at 178.  The Court also observed that the defendant's right to represent himself is

> not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete.  Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.

<u>Id.</u> at 183.  The undersigned also observes that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol."  <u>Id.</u> at 184.

With these principles in mind, the Court finds that standby counsel would be helpful in this case.  The Court **APPOINTED** Attorney Kimberly A. Parton to serve as standby counsel for Defendant Sankey pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  To the extent possible, Ms. Parton shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum.  She should help the Defendant in

---

[2] The Defendant expressed a desire to be assisted by an individual whom he claimed was his "attorney in fact."  It does not appear to the undersigned that this individual is licensed to practice law in Tennessee or permitted to appear before this Court.  The Court informed the Defendant that, while he could retain counsel to represent him in this case, he could not be represented by an unlicensed individual.

overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that the Defendant himself has clearly indicated that he wants to complete. Ms. Parton may also, upon the Defendant's request, aid him by means of technical assistance in the presentation of his defense and the preservation of the record for appeal. Finally, the Court may ask Ms. Parton to represent the Defendant should the Defendant later decide that he wants the Court to appoint counsel for him or if the termination of self-representation becomes necessary, such as if the Defendant must be removed from the courtroom for disruptive behavior.

The Defendant asked the Court to continue the June 28, 2016 trial date in this case for two months to give him time to prepare for trial. The Court finds the oral motion for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant has waived his right to counsel and has elected to represent himself. He states that he needs at least two months to prepare his defense. The Court finds that requiring the Defendant to proceed to trial in two weeks would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

The Defendant's oral motion to continue the trial is **GRANTED**. The trial of this matter is reset to **September 13, 2016**. The Court also finds that all the time between the filing of the Motion to Withdraw as Counsel on **June 2, 2016**, and the new trial date of **September 13, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The parties are to appear before the undersigned for a pretrial conference on **August 30, 2016, at 1:30 p.m.** This date will also be the deadline for providing reciprocal discovery. The Court did not set a new deadline for concluding plea

negotiations because the Defendant emphatically stated such a deadline was not necessary and that he was not going to enter a guilty plea. Finally, the Court instructs the parties that all motions *in limine*[3] must be filed no later than **August 29, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **September 2, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Motion to File Motion to Withdraw [**Doc. 28**] is **GRANTED**. The Court has reviewed the attorney-client relationship at the Defendant's request;

(2) The Motion to Withdraw as Attorney of Record, and for Appointment of New Counsel [**Doc. 27**] is **DENIED in part** in that the Court will not appoint new counsel for the Defendant and is **GRANTED in part** in that Mr. Kern is permitted to withdraw as counsel of record because the Defendant has chosen to represent himself. Attorney Theodore Kern is **RELIEVED** as the Defendant's counsel of record and **DIRECTED** to provide all discovery to the Defendant as soon as possible;

(3) The Court finds that the Defendant has knowingly and voluntarily waived his right to counsel and is permitted to represent himself;

(4) Attorney Kimberly A. Parton is **APPOINTED** to serve as standby counsel for Defendant Sankey pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. The extent of and limitations to her role are set out above;

---

[3] The deadline for filing pretrial motions expired on July 29, 2015 [Doc. 11]. When the Court appointed Mr. Kern, it reopened the motion deadline to February 10, 2016 [Doc. 25]. That deadline has also long expired. At the June 14 hearing, Defendant referred the Court to a *pro se* filing of March 4, 2016. It appears that the Defendant filed this document in his revocation case, 3:07-CR-83, but did not file it in case number 3:15-CR-92, in which he is charged [Doc. 1] with ten counts of distribution of crack cocaine. The Court informed the Defendant that the *pro se* document would also be filed in case number 3:15-CR-92. At this juncture, only motions *in limine* may be filed, on or before the deadline of August 29, 2016. To clarify for the Defendant, motions *in limine* are motions which relate to the admissibility of evidence at trial.

(5) The Defendant's oral motion to continue the trial is **GRANTED**;

(6) The trial of this matter is reset to commence on **September 13, 2016**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(7) All time between the filing of the motions to withdraw on **June 2, 2016**, and the new trial date of **September 13, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(8) Motions *in limine* must be filed no later than **August 29, 2016**;

(9) The parties are to appear before the undersigned on **August 30, 2016, at 1:30 p.m.**, for a final pretrial conference in this case;

(10) Special requests for jury instructions with the appropriate citation to authority shall be submitted to the District Court no later than **September 2, 2016**;

(11) The Clerk of Court is **DIRECTED** to file a copy of the Defendant's *pro se* filing, entitled Judicial Notice, which is document number 37 in case number 3:07-CR-83, in case number 3:15-CR-92. The Clerk of Court is also **DIRECTED** to mail a copy of this Memorandum and Order to the Defendant at the Blount County Detention Center.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

6

Case 3:15-cr-00092-TWP-HBG   Document 31   Filed 06/16/16   Page 6 of 6   PageID #: 91