UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Nos. 3:15-CR-92 |
| | ) | 3:07-CR-83 |
| v. | ) | |
| | ) | |
| LARRY DARNELL SANKEY, II, | ) | (PHILLIPS / GUYTON) |
| | ) | |
| Defendant. | ) | |

**PRETRIAL ORDER**

This case came before the undersigned on August 30, 2016, for a scheduled final pretrial conference. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Defendant Larry Darnell Sankey, II, represented himself. Court-appointed elbow counsel, Attorney Kimberly Parton, was also present and available to assist the Defendant. The following actions were taken:

**I. REPRESENTATION**

As an initial matter, the Court reviewed the Defendant's representation. On June 14, 2016, the Defendant chose and was permitted [Doc. 31] to represent himself. At that time, the Court reviewed the obligations and difficulties of self-representation with the Defendant by asking a litany of questions approved by the Court of Appeals for the Sixth Circuit in United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir. 1987). The Court appointed Attorney Parton as elbow counsel to explain and assist the Defendant with procedural, evidentiary, and technical matters.

At the June 14 hearing and, subsequently, in a *pro se* "Affidavit of Truth" [Doc. 36], the Defendant has expressed a desire to be represented by Marilyn Yvette Cook. The Court has repeatedly [Docs. 31 & 37] informed the Defendant that he cannot be represented by someone who is not a licensed attorney, permitted to practice before this Court. The Court restated this prohibition at the pretrial conference.

The Court again advised the Defendant that it would be in his best interest to be represented by a trained attorney in light of the serious charges he faces. The Government advised the Defendant of the potential penalties if he is convicted of the ten counts of drug trafficking with which he stands charged. The Court asked the Defendant whether he still wanted to represent himself. The Defendant said that he had never agreed to represent himself in this case and that he refused to have elbow counsel. Instead, the Defendant stated that he was appearing *in propria persona*, that Ms. Cook was the director and trustee of his corporation, and that he reserved all rights. The Court again asked the Defendant if he wanted an attorney to represent him in any capacity. The Defendant replied both that he did not want the court to appoint counsel for him and that he was "not going *pro se*."

A criminal defendant cannot refuse both to be represented by counsel and to represent him- or herself. The right to self-representation and the right to counsel are "two faces of the same coin, in that the waiver of one right constitutes a correlative assertion of the other." United States v. Conder, 423 F.2d 904, 908 (6th Cir. 1970) (quotations and citation omitted). "Thus, when a defendant asserts his right to self-representation, he necessarily waives his right to counsel." United States v. Collins, 129 F. App'x 213, 217 (6th Cir. 2005). Conversely, when Defendant Sankey refuses to accept court-appointed counsel, he is necessarily asserting his right to represent himself. For the balance of the hearing, Defendant Sankey insisted that he did not

2

want court-appointed counsel. Accordingly, the Court finds that the Defendant has again knowingly and voluntarily waived his right to counsel. The undersigned informed the Defendant that he can request counsel at any time up until the trial in this case and the Court will appoint counsel for him.

With regard to the Defendant's contention that he did not want elbow counsel, the Court advised him that the appointment of elbow counsel is for his benefit and to aid the Court.[1] The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him- or herself. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Faretta v. California, 422 U.S. 806, 834 n.36 (1975) (noting that the court "may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary"). The Court declines to remove Ms. Parton as elbow counsel in this case. The Defendant may choose whether to seek and to heed Ms. Parton's advice or not.

## II. PENDING MOTIONS

There are no pending motions in this case, and the August 29 deadline for filing motions *in limine* has expired. At the pretrial conference, the Defendant advised that he had sent

---

[1] The Court emphasizes that Ms. Parton's service is to the Court, not to the Government. Ms. Parton does not work for or with the prosecution in this case. The assistance that Ms. Parton provides the Defendant, by serving as elbow counsel, helps the Court, which cannot itself advise the Defendant on matters of law or procedure, and assures that the proceedings are fair.

3

additional motions on August 29, 2016.[2]  The Court has yet to receive any motions from the Defendant but will take any additional matters up at a later time, if appropriate.

### III. TRIAL PROCEDURES

The trial of this case is scheduled for **September 13, 2016**.  Both the Government and the Defendant affirmed that they are ready to proceed to trial on this date.  Trial procedures to be followed in this case are as follows:

(a) **Jury Selection and Peremptory Challenges**.  The Court will conduct a preliminary voir dire examination of the jury, and then counsel for the United States and the Defendant will be permitted to conduct voir dire examination.  The Court reserves the right to interrupt counsel or the Defendant and conduct voir dire on its own if counsel or the Defendant ask improper questions or if the proceedings are unnecessarily prolonged.

(b) **Peremptory Challenges**.  Pursuant to Federal Rule of Criminal Procedure 24(b)(2), the Defendant shall have ten (10) peremptory challenges and the Government shall have six (6).

(c) **Novel Legal Issues for the Court**.  The parties did not identify any novel or unusual legal issues as of the time of the pretrial conference.  The Defendant again asserted that the Court lacked jurisdiction over him.  The Court has already considered and **DENIED** [Doc. 37] the Defendant's request to dismiss the case for lack of jurisdiction.  Thus, the Court finds that this issue has been resolved.

---

[2] Defendant Sankey requested copies of his additional motions be sent to him, so that he can know that these motions have been filed.  The Court **DIRECTS** the Clerk's Office to mail to Defendant Sankey stamp-filed copies of any motions received from the Defendant.

(d) **Novel Evidentiary Issues for the Court**.  The parties did not identify any novel or unusual evidentiary issues as of the time of the pretrial conference.

(e) **Special Requests for Jury Instructions**.  The parties are to file any special requests for instructions to the jury by **September 2, 2016**.

(e) **Additional Motions**.  The deadline for filing motions *in limine* in this case was August 29, 2016.  No more motions, with the exception of a motion for the appointment of counsel by the Defendant, will be allowed to be filed in this cause of action by either side without prior leave of Court.

(f) **Admissions and Stipulations**.  To the extent possible, counsel for the Government and elbow counsel should meet in advance of trial and review the trial exhibits.  Elbow counsel shall present the trial exhibits to the Defendant in advance of trial to determine whether the Defendant is willing to stipulate to the admissibility of the exhibits.

(g) **Defense Subpoenas**.  If the Defendant seeks the issuance of subpoenas at the Court's expense and to be served by the United States Marshals, he must move for such subpoenas in compliance with Rule 17(b) of the Federal Rules of Criminal Procedure.  He may make such motions *ex parte* to avoid disclosing his witnesses to the Government.  Any motions for subpoenas must be filed immediately because two weeks are generally required for service of subpoenas.

(h) **Courtroom Decorum**.  Counsel and the Defendant are encouraged to familiarize themselves with Local Rule 83.3.  A copy of this rule was provided to the Defendant at the pretrial conference.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Defendant's decision to continue to representing himself was made knowingly and voluntarily;

(2) This case will proceed to trial before the Honorable Thomas W. Phillips and a jury, to commence at **9:00 a.m. on September 13, 2016**;

(3) The Clerk of Court is **DIRECTED** to mail to Defendant Sankey stamp-filed copies of any motions received from the Defendant, which are dated August 29, 2016, or later. This obligation continues through the September 13 trial date; and

(4) The Clerk of Court is also **DIRECTED** to mail a copy of this Pretrial Order to the Defendant at the Blount County Detention Center.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge